**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE RENEE HURTER, | No. 16-35236 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05874-KLS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Argued and Submitted February 6, 2018
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Michelle Renee Hurter appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for Supplemental

Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C.

§ 1381 *et seq.*[1]  We review de novo the district court's decision affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291.

denial of benefits, and may set aside the decision of the administrative law judge (ALJ) where that decision is based on legal error or where the findings of fact are not supported by substantial evidence in the record taken as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Applying our "credit-as-true" rule, *Garrison v. Colvin*, 759 F.3d 995, 1021–23 (9th Cir. 2014), we reverse the judgment below and remand this case to the district court with instructions to remand to the agency for the calculation and award of benefits.

We hold that the ALJ erred in rejecting the opinions of Hurter's two treating physicians, Dr. Enkema and Dr. Palaskas. Treating physicians' opinions are entitled to greater weight than those of non-treating physicians because the "continuing relationship" with a patient uniquely qualifies the treating physician "to form an overall conclusion as to functional capacities and limitations." *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons; the same is required for rejecting a treating doctor's "ultimate conclusions" on disability. *Id.* at 830. Where a treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons supported by substantial evidence in the record for so doing." *Id* (internal quotation marks omitted).

We first conclude that the ALJ erred in assigning "no weight" to the opinion

of Dr. Palaskas, Hurter's treating otolaryngologist. Because Dr. Palaskas' opinion was uncontradicted as to the disabling impact of Hurter's Meniere's disease, the ALJ was required to provide clear and convincing reasons for rejecting it. This he failed to do. Several of the ALJ's reasons were contradicted by the record, such as his assertion that Hurter's Meniere's attacks were "not confirmed" by objective findings—a pronouncement belied by Hurter's abnormal audiogram, VNG, and CDP test results. Where an ALJ's reason is contradicted by the record, it is not a "legitimate" reason for rejecting a physician's opinion, let alone a clear and convincing one. *See Orn v. Astrue*, 495 F.3d 625, 634–35 (9th Cir. 2007). The ALJ also noted that Dr. Palaskas' opinion was completed on a "check-box form, which was provided by the claimant's attorney." As we have consistently held, "the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832. Finally, the ALJ made an unreasonable inference from the description of Hurter's hearing loss as "fluctuating," positing that this "may be some indication that they are not reliable." The ALJ failed to recognize that "fluctuating" hearing loss is one of the hallmark symptoms of Meniere's disease.[2] *See* SSR 86-8, 1986 WL 68636 at *8

---

[2] *See, e.g.*, *Meniere's Disease*, Mayo Clinic, https://www.mayoclinic.org/diseasesconditions/menieres-disease/symptoms-causes/syc-20374910 (last visited Jan. 25, 2018) ("Meniere's disease is a disorder of the inner ear that causes . . . *fluctuating hearing loss* . . . ." (emphasis added)); Timothy C. Hain, MD, *Meniere's Disease*, American Hearing Research

3

("Reasonable inferences may be drawn, but presumptions, speculations and suppositions should not be substituted for evidence.").

We further conclude that the ALJ failed to provide legally sufficient reasons for assigning "limited weight" to the opinion of Dr. Enkema, Hurter's treating primary care physician. As with Dr. Palaskas, the ALJ's rejection of Dr. Enkema's opinion largely rested on assertions contradicted by the record, which do not constitute "legitimate" reasons. *See Orn*, 495 F.3d at 634–35. Moreover, because the ALJ's reasoning was "not responsive" to the basis of Dr. Enkema's opinion, it did not meet the high bar required to reject his opinion. *Id.* This error was particularly serious, because if Dr. Enkema's opinion limiting Hurter to sedentary work were credited, the ALJ would be required to find Hurter disabled under the Medical-Vocational Guidelines. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, table 1, Rule 201.12. "Where application of the grids directs a finding of disability, that finding must be accepted by the Secretary[,] whether the impairment is exertional or results from a combination of exertional and non-exertional limitations." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115–16 (9th Cir. 2006) (emphasis and alterations omitted) (quoting *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989)).

---

Foundation (Oct. 2012), http://american-hearing.org/disorders/menieres-disease/ ("Meniere's disease is a disorder of the inner ear that causes . . . *fluctuating hearing loss*." (emphasis added)).

4

All three parts of our credit-as-true standard, *Garrison*, 759 F.3d at 1020–21, are met here: there would be no useful purpose served by further administrative proceedings; the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Dr. Enkema and Dr. Palaskas; and it is clear that the ALJ would be required to find Hurter disabled on remand if the improperly-discredited medical opinions were credited as true.  We thus opt to credit the opinions of Dr. Enkema and Dr. Palaskas as true, and we reverse the district court's judgment and remand with directions to remand this case to the agency for the calculation and award of benefits for the period beginning October 16, 2008.[3]

**REVERSED AND REMANDED.**

---

[3]     Because our conclusion that the ALJ improperly discredited the opinions of Dr. Palaskas and Dr. Enkema is sufficient to remand for an award of benefits, we need not address Hurter's additional arguments.